IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECT FITNESS SOLUTIONS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| IDEAL FITNESS SOLUTIONS, INC. ) | |
| ) | *Document electronically filed.* |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Direct Fitness Solutions, L.L.C. ("DFS"), by and through counsel, hereby files this Complaint for trademark infringement against Ideal Fitness Solutions, Inc. ("Defendant"). DFS alleges as follows:

### NATURE OF THE ACTION

1. This is an action for federal unfair competition pursuant to 15 U.S.C. § 1125(a) ("Count I"), violations of the Illinois Uniform Deceptive Trade Practice Act pursuant to 815 Ill. Comp. Stat. 510 ("Count II"), and trademark infringement and unfair competition under Illinois common law ("Count III"), based on Defendant's use of the mark IDEAL FITNESS SOLUTIONS, which is confusingly similar or identical to DFS's DIRECT FITNESS SOLUTION mark.

### PARTIES

2. Plaintiff Direct Fitness Solutions, L.L.C. is an Illinois limited liability company with its principal place of business at 600 Tower Road, Mundelein, Illinois 60060.

1

3. On information and belief, Defendant Ideal Fitness Solutions, Inc. is an Illinois corporation with its principal place of business at 4053 North Springfield Avenue, Chicago, Illinois 60618.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Count I of this action, a claim arising under federal trademark law, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5. Upon information and belief, this Court has personal jurisdiction over the Defendant at least because the Defendant transacts business in Illinois, regularly does or solicits business in Illinois, engages in other persistent courses of conduct in Illinois, maintains continuous and systematic contacts in Illinois, purposefully avails itself of the privileges of doing business in Illinois, and/or derives substantial revenue from goods and services provided to individuals in Illinois.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because, among other reasons, Defendant has transacted business in the State of Illinois and a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.

## FACTUAL BACKGROUND

7. DFS provides fitness centers with fitness equipment and related services, including equipment design and layout services, delivery and installation, audio visual services, preventative maintenance, and support services, throughout the United States, including in Illinois and throughout the Midwest.

8. DFS has marketed its products and services under its distinctive DIRECT FITNESS SOLUTIONS mark for nearly 20 years.

9. DFS has invested a significant amount of time and money promoting, popularizing, and protecting its trademark over those years and, as such, has built up a significant amount of goodwill associated with its name and trademark.

10. Upon information and belief, Defendant also provides fitness centers with fitness equipment and related services, including "layout design" services, "delivery and installation," "preventative maintenance," and support services, at least in Illinois. *See* Ex. 1, Ideal Fitness Solutions, http://idealfitsolutions.com/ (last visited July 11, 2017).

11. Upon information and belief, in or around, at the earliest, October 2010 Defendant began providing and marketing these products and services, identical to those provided by DFS, under and in connection with the mark IDEAL FITNESS SOLUTIONS, years after DFS had used and built up a significant amount of goodwill in its DIRECT FITNESS SOLUTIONS mark.

12. DFS recently learned of Defendant and its use of the mark IDEAL FITNESS SOLUTIONS, which is substantially similar and/or identical to DFS's mark DIRECT FITNESS SOLUTIONS with respect to how it sounds, how it appears, and the connotation it projects.

13. DFS learned of Defendant and its use of the mark IDEAL FITNESS SOLUTIONS when customers contacted DFS expressing actual confusion regarding the affiliation of the businesses and their services based on the IDEAL FITNESS SOLUTIONS and DIRECT FITNESS SOLUTIONS marks.

14. DFS sent Defendant a letter on May 4, 2017, and again on June 2, 2017, informing Defendant that its use of the mark IDEAL FITNESS SOLUTIONS constituted

3

trademark infringement and unfair competition, and caused actual confusion among customers and potential customers. DFS requested Defendant immediately cease and desist using the IDEAL FITNESS SOLUTIONS mark.

15. Defendant has not complied with DFS's requests to stop using the IDEAL FITNESS SOLUTIONS mark. DFS's customers and potential customers have been and will continue to be confused about the origin of Defendant's products and services or an association between DFS and Defendant, when none exists. Defendant's use of the IDEAL FITNESS SOLUTIONS mark has caused, and will continue to cause, damage and irreparable injury to DFS.

**COUNT I – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

16. The allegations of preceding paragraphs 1 through 15 are realleged and incorporated by reference as if fully set forth herein.

17. DFS has marketed its products and services under its distinctive DIRECT FITNESS SOLUTIONS mark for nearly 20 years and has thus acquired common law rights in, and built up a significant amount of goodwill associated with, the DIRECT FITNESS SOLUTIONS mark.

18. Defendant's use of its IDEAL FITNESS SOLUTIONS mark in the exact same channels of trade as DFS so resembles DFS's DIRECT FITNESS SOLUTIONS mark in appearance, sound, connotation, and commercial impression that it has caused not only a likelihood of confusion, but actual confusion, and will continue to cause confusion, as to the affiliation, connection, or association of Defendant with DFS, and as to the origin, sponsorship, or approval of Defendant's products or services by DFS, in violation of 15 U.S.C. § 1125(a).

19. Defendant has deliberately persisted in its infringing use of the IDEAL FITNESS SOLUTIONS mark despite its knowledge of DFS's rights in the DIRECT FITNESS SOLUTIONS mark and knowledge of actual consumer confusion by at least May 4, 2017. As such, Defendant's infringement and violation of 15 U.S.C. § 1125(a) is willful, making this an exceptional case under 15 U.S.C. § 1117.

20. Defendant, by way of its infringing use of a confusingly, substantially similar or identical mark to DFS's DIRECT FITNESS SOLUTIONS mark, has caused and continues to cause DFS to suffer damages in an amount to be determined, and has caused and is causing DFS irreparable harm in the form of at least lost market share and loss of goodwill. DFS has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from using its IDEAL FITNESS SOLUTIONS mark, DFS will continue to suffer irreparable harm.

21. DFS is entitled to recover from Defendant damages at least in an amount adequate to compensate for Defendant's infringement, which amount has yet to be determined.

**COUNT II – DECEPTIVE TRADE PRACTICES UNDER 815 ILL. COMP. STAT. 510/2**

22. The allegations of preceding paragraphs 1 through 21 are realleged and incorporated by reference as if fully set forth herein.

23. Defendant has engaged in deceptive trade practices in violation of 815 Ill. Comp. Stat. 510/2 by, in the course of its business, causing not only a likelihood of confusion, but actual confusion and misunderstanding as to the source, sponsorship, or approval of its products and services by DFS, and as to the affiliation, connection, or association of Defendant with DFS.

24. Defendant, by way of its infringing use of a confusingly, substantially similar or identical mark to DFS's DIRECT FITNESS SOLUTIONS mark, has caused and continues to

cause DFS to suffer damages in an amount to be determined, and has caused and is causing DFS irreparable harm in the form of at least lost market share and loss of goodwill. DFS has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from using its IDEAL FITNESS SOLUTIONS mark, DFS will continue to suffer irreparable harm.

25. Defendant has deliberately persisted in its infringing use of the IDEAL FITNESS SOLUTIONS mark despite its knowledge of DFS's rights in the DIRECT FITNESS SOLUTIONS mark and knowledge of actual consumer confusion by at least May 4, 2017. As such, Defendant's infringement and violation of 815 Ill. Comp. Stat. 510/2 is willful, warranting an assessment of costs and/or attorneys' fees against Defendant.

### COUNT III – ILLINOIS COMMON LAW TRADEMARK INFIRNGEMENT AND UNFAIR COMPETITION

26. The allegations of preceding paragraphs 1 through 25 are realleged and incorporated by reference as if fully set forth herein.

27. DFS has marketed its products and services under its distinctive DIRECT FITNESS SOLUTIONS mark for nearly 20 years and has thus acquired common law rights in, and built up a significant amount of goodwill associated with, the DIRECT FITNESS SOLUTIONS mark.

28. Defendant's use of its IDEAL FITNESS SOLUTIONS mark in the exact same channels of trade as DFS so resembles DFS's DIRECT FITNESS SOLUTIONS mark in appearance, sound, connotation, and commercial impression that it has caused not only a likelihood of confusion, but actual confusion, and will continue to cause confusion, as to the affiliation, connection, or association of Defendant with DFS, and as to the origin, sponsorship,

or approval of Defendant's products or services by DFS, constituting infringement and unfair competition in violation of Illinois common law.

29. Defendant has deliberately persisted in its infringing use of the IDEAL FITNESS SOLUTIONS mark despite its knowledge of DFS's rights in the DIRECT FITNESS SOLUTIONS mark and knowledge of actual consumer confusion by at least May 4, 2017. As such, Defendant's infringement is willful.

30. Defendant, by way of its infringing use of a confusingly, substantially similar or identical mark to DFS's DIRECT FITNESS SOLUTIONS mark, has caused and continues to cause DFS to suffer damages in an amount to be determined, and has caused and is causing DFS irreparable harm in the form of at least lost market share and loss of goodwill. DFS has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from using its IDEAL FITNESS SOLUTIONS mark, DFS will continue to suffer irreparable harm.

31. DFS is entitled to recover from Defendant damages at least in an amount adequate to compensate for Defendant's infringement, which amount has yet to be determined.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, DFS hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** DFS prays for judgment as follows:

A. A judgment that Defendant's use of the IDEAL FITNESS SOLUTIONS mark infringes and has infringed DFS's rights in the DIRECT FITNESS SOLUTIONS mark in violation of 15 U.S.C. § 1125(a);

B. A judgment that Defendant engages in and has engaged in deceptive trade practices by using the IDEAL FITNESS SOLUTIONS mark in violation of 815 Ill. Comp. Stat. 510/2;

C. A judgment that Defendant's use of the IDEAL FITNESS SOLUTIONS mark infringes and has infringed, and constitutes unfair competition, in violation of Illinois common law.

D. An order preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, affiliates, and all others acting in concert or privity with any of them from using the IDEAL FITNESS SOLUTIONS mark, or any colorable form thereof, in connection with fitness related products and services;

E. An order, in accordance with 15 U.S.C. § 1116, requiring Defendant to file with this Court and serve upon DFS within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

F. An order, pursuant to 15 U.S.C. § 1118, that Defendant deliver up and destroy, or show proof of destruction of, all articles, products, displays, circulars, letterhead, business cards, literature, materials, labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the IDEAL FITNESS SOLUTIONS mark, and delete any and all electronic uses of the IDEAL FITNESS SOLUTIONS mark under Defendant's control or under Defendant's authorization, including on electronic information, computer files, or websites;

G. An award of damages to DFS to which it is entitled under 15 U.S.C. § 1117, 815 Ill. Comp. Stat. 510/1 *et seq.*, and Illinois common law for Defendant's past infringement, unfair

competition, and/or deceptive trade practices and any continuing or future infringement, unfair competition, and/or deceptive trade practices up until the date Defendant are finally and permanently enjoined from further use of the IDEAL FITNESS SOLUTIONS mark, including compensatory damages;

H. An award to DFS of pre- and post-judgment interest on its damages;

I. An award to DFS of treble and/or enhanced damages under 15 U.S.C. § 1117 and other applicable statutes or law for Defendant's willful and intentional infringement;

J. A declaration that this case is exceptional and an award to DFS of its reasonable costs and expenses in this action, including reasonable attorneys' fees under 15 U.S.C. § 1117, 815 Ill. Comp. Stat. 510/1 *et seq*., and other applicable statutes or laws, including interest; and

K. An award to DFS of such other and further relief as this Court may deem just and proper.


Dated: July 19, 2017						Respectfully submitted,

                                                 /s/ Patrick J. Arnold Jr.
                                               Patrick J. Arnold Jr. (No. 6203666)
                                               Katherine E. Ramlose (No. 6321349)
                                               **McANDREWS, HELD & MALLOY, LTD.**
                                               500 West Madison Street, Suite 3400
                                               Chicago, Illinois 60661
                                               Telephone: (312) 775-8000

                                               *Attorneys for Plaintiff,*
                                               **Direct Fitness Solutions, L.L.C.**